UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERT A. GRAYER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4626** |
| **ALEXANDRA NANNI, ET AL.** | **SECTION: "T"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Albert A. Grayer, a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. He sued Sergeant Alexandra Nanni, Master Sergeant Michael Johnson, and Warden Heath Martin. In this lawsuit, plaintiff claims that his rights were violated during a criminal investigation into possession of contraband (a cellphone) at the Tangipahoa Parish Jail. [1]

---

[1] Possession of contraband in a jail is a criminal offense under Louisiana law. Specifically, La. Rev. Stat. Ann. § 14:402 provides:

> B. No person shall possess contraband upon the grounds of any state correctional institution.
> ….
>
> D. "Contraband" as used herein means:
> ….
>
> (9) Any telecommunications equipment or component hardware, including but not limited to cellular phones, pagers, beepers, global satellite system equipment, subscriber identity module (SIM) cards, portable memory chips, batteries, and chargers, whether or not such equipment may be intended for use in planning or aiding an escape or attempt to escape from any institution, unless authorized by the warden of the institution.
> ….
>
> G. (1) Whoever violates any provision of this Section shall be fined not less than five hundred dollars and not more than ten thousand dollars and shall be imprisoned with or without hard labor for not more than ten years. …
>
> (2) If the person who violates any provision of this Section is incarcerated in the state correctional institution or the municipal or parish prison or jail in which the contraband is introduced, possessed, or sent from, the sentence imposed pursuant to Paragraph (1) of this Subsection shall be served consecutively to the sentence the person was serving at the time the violation of this Section occurred.

La. Rev. Stat. Ann. § 14:402.

In support of his claims, plaintiff makes the following allegations:

In July of 2022, Sergeant Nanni advised plaintiff of his Miranda rights[2] in connection with the contraband investigation. However, she then proceeded to threaten him that he would face an **additional** criminal charge of obstruction[3] if he failed to comply with the investigation and was subsequently found to be in possession of a cellphone. Master Sergeant Johnson was present, did not "correct" Nanni, and himself asked plaintiff about the cellphone. As a result of those interactions, plaintiff confessed, produced the cellphone, and was criminally charged with possession of contraband under La. Rev. Stat. Ann. § 14:402.

Pursuant to the jail's Administrative Remedy Procedure ("ARP"), plaintiff filed a grievance concerning the foregoing incident with Warden Martin. Plaintiff also later informed Martin that he wanted to pursue criminal charges against Nanni and Johnson. Martin took no action. After plaintiff then again complained to Martin, Johnson responded to the original grievance, stating: "Mr. Grayer, unfortunately, I cannot respond to this ARP due to this same topic being in your motion to suppress in your upcoming criminal trial."[4] When plaintiff then requested

---

[2] See Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The United States Supreme Court has explained:

> [In Miranda,] we laid down "concrete constitutional guidelines for law enforcement agencies and courts to follow." Id., at 442, 86 S.Ct. 1602. Those guidelines established that the admissibility in evidence of any statement given during custodial interrogation of a suspect would depend on whether the police provided the suspect with four warnings. These warnings (which have come to be known colloquially as "Miranda rights") are: a suspect "has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." Id., at 479, 86 S.Ct. 1602.

Dickerson v. United States, 530 U.S. 428, 435, 120 S. Ct. 2326, 2331, 147 L. Ed. 2d 405 (2000).
[3] See La. Rev. Stat. Ann. § 14:130.1
[4] Rec. Doc. 1-4, p. 1.

that Martin appoint someone else to answer the grievance, he was informed: "This is not a ARP. Do not write this as one."[5]

Based on those allegations, plaintiff claims:

(1) Nanni violated his rights when she "used threats against Plaintiff in order to get a confession and make Plaintiff turn over evidence."[6]

(2) Johnson violated his rights "[b]y witnessing Nanni['s] illegal actions & failing to correct that misconduct & encouraging the continuation of the misconduct."[7]

(3) Martin violated his rights when he "learned of the violations of plaintiff['s] rights & failed to do anything to fix the situation."[8]  Plaintiff also claims that Martin "failed to adequately train, supervise, & discipline defendants Nanni and Johnson."[9]

Underlying all of those claims is plaintiff's argument that his confession was involuntary because it was the product of illegal coercion by Nanni.  However, as noted in the foregoing grievance response, that same argument will be litigated in the state courts in his state criminal proceedings.  Because of that overlap, it would be inappropriate for this federal court to entertain plaintiff's claims at this time for the following reasons.

If plaintiff's state prosecution proceeds to trial, the prosecution will surely attempt to introduce his confession at trial.  If so, the state court must rule on plaintiff's argument that his confession was involuntary, because the United States Supreme Court has "made clear that convictions following the admission into evidence of confessions which are involuntary, i.e., the

---

[5] Rec. Doc. 1-5, p. 1.
[6] Rec. Doc. 1, p. 7.
[7] Id.
[8] Id.
[9] Id.

product of coercion, either physical or psychological, cannot stand." Rogers v. Richmond, 365 U.S. 534, 540, 81 S. Ct. 735, 739, 5 L. Ed. 2d 760 (1961); see also Blackburn v. Alabama, 361 U.S. 199, 205, 80 S. Ct. 274, 279, 4 L. Ed. 2d 242 (1960) ("[T]his Court, in a line of decisions … too well known and too numerous to bear citation, has established the principle that the Fourteenth Amendment is grievously breached when an involuntary confession is obtained by state officers and introduced into evidence in a criminal prosecution which culminates in a conviction."). If the state court finds that the confession was voluntary, allows its introduction at trial, and plaintiff is then convicted, he would be barred from pursuing his related civil claims against these defendants by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, **or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid**, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87, 114 S. Ct. at 2372 (boldface emphasis added; footnote omitted). Further, the Heck bar clearly encompasses a plaintiff's claim that law enforcement officers violated his right against self-incrimination by coercing a confession. See Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) ("If we were to find that [the defendant] coerced [the plaintiff] to give a statement concerning the charges pending against him, that judgment would necessarily imply the invalidity

4

of his subsequent convictions and sentences on those charges. Thus, Heck bars this claim unless [the plaintiff] proves that his convictions or sentences have been reversed, expunged, invalidated, or otherwise called into question."); see also McIntosh v. Neal, No. 96-10438, 1996 WL 511744 (5th Cir. Aug. 20, 1996).

Of course, it is true that plaintiff has not yet been convicted – and so Heck's bar has not yet been triggered. See Wallace v. Kato, 549 U.S. 384, 393, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007). Nonetheless, because his criminal case is ongoing, this federal court should not forge ahead with his claims at this time. Rather, as the Supreme Court has explained:

> If a plaintiff files a false arrest claim before he has been convicted (**or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial**), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393-94, 127 S. Ct. at 1098 (emphasis added; citations omitted). Therefore, under that reasoning, plaintiff's instant claims, which are predicated on a contention that his confession was coerced, should be stayed until such time as his state criminal proceedings are concluded.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **STAYED**.

It is **FURTHER RECOMMENDED** that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction over the stayed claims and that the case be restored to the trial docket upon plaintiff's motion once his criminal proceedings are concluded, so that the claims may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __5th__ day of ____December____, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**